[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the Court as a Motion for Contempt (#122) filed by the Defendant against the Plaintiff.
On February 3, 1999 the parties entered into a Stipulation resolving many of the issues. Those issues are as follows:
1. As to the unreimbursed medicals, the parties agreed that the amount of $909.00 is due from the Defendant to the Plaintiff.
2. As to the rental income, the parties agreed that the Plaintiff owes to the Defendant $8,800.00.
3. As to the taxes, the parties agreed that the Plaintiff CT Page 7105 owes the Defendant $822.84.
4. As to repair expenses, the parties agreed that the defendant owes to the Plaintiff $714.50.
A hearing was held to address the remaining issues.
After said hearing, the court finds that the Defendant had not sustained his burden of proof in regards to the medical insurance premiums.
As to summer camp, the Court finds that since there was no agreement to send the child to summer camp as required under the Separation Agreement, the Defendant does not owe monies on this issue to the plaintiff
The remaining issue for the Court to decide is whether the plaintiff is in contempt for her failure to place the martial residence on the market the summer following the youngest child's graduation from high school, pursuant to the Separation Agreement. After hearing testimony, this Court finds that the Plaintiff has knowledge of that order, had the ability to comply with that order and willfully disobeyed that court order. Therefore, the court finds the Plaintiff in contempt and orders as follows: The imputed sales price of the property as stipulated by the parties is $300,000.00, less the usual closing fees as stipulated in the amount of $17,480.00 less the balance of the first mortgage as of September 1, 1996 (the date this court finds reasonable as being the date of the imputed sale if the Plaintiff had fully complied with the Court order) less the balance of the Home equity line as of September 1, 1996. The Defendant shall be reimbursed for all payments he made on the equity line after the date of September 1, 1996. This court also finds that the cost of the brick walk is a valid expenses to be paid from the home equity line account.
The Defendant's request for interest from the Plaintiff from the date of the imputed sale to now is denied since the Defendant first filed for contempt in 1998.
The Defendant has also requested attorney fees regarding the Motion for Contempt. Since this court finds the plaintiff in contempt for failure to comply with the court order regarding the martial home, this court awards attorneys fees in the amount of $5,100.00 which amount shall be added to the amount due from the CT Page 7106 Plaintiff at the time of the settlement of all of these issues.
The Plaintiff is therefore ordered to pay to the Defendant all sums due (being given a credit for the appropriate sums under this order) within 60 days of date of this decision.
Frankel, J.